UNITED STATES of America,
Appellant,

v.

L. Mabel EVANS, Appellee.

No. 21128.

United States Court of Appeals
Ninth Circuit.

March 29, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Edward Lee Rogers, C. Moxley Featherston, Attys. Tax Division, Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for appellant.

Gerald J. Meindl, Robert Briggs, Portland, Or., for appellee.

Before CHAMBERS, BARNES and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

Taxpayer-appellee Evans is a resident in Terwilliger Plaza, an apartment complex in Portland, Oregon. She properly filed her 1962 tax return and paid the tax due of $47.66. Maintaining that Terwilliger Plaza was a cooperative housing corporation within section 216(b) (1) of the Internal Revenue Code (26 U. S.C. § 216(b) (1)), she filed a claim for refund based on deductions for her proportionate share of the corporation's interest and taxes. The claim for refund was disallowed, and she brought suit for

a refund in the district court, jurisdiction being under 28 U.S.C. § 1346. Taxpayer Evans prevailed, and the government has appealed to our court, jurisdiction here being under 28 U.S.C. § 1291.

The sole question on this appeal is whether the taxpayer was a "tenant-stockholder" of a "cooperative housing corporation" within the meaning of section 216.

Terwilliger Plaza, Inc. is a nonprofit corporation organized under the law of Oregon. It does not issue stock,[1] but is composed of members. Each member pays an original membership fee and a periodic "maintenance fee." In return, each member gets a life interest in a designated apartment, and participates in management by voting for officers. If for any reason the corporation is liquidated, the net proceeds will go to the Common School Fund of the State of Oregon. The corporation, as the holder of legal title to the properties, pays the interest on the mortgage debt and the property taxes.

Section 216(b) (2) defines a "tenant-stockholder" as "an individual who is a stockholder in a cooperative housing corporation * * *." The government contends that the interest held by the taxpayer was not stock.[2] The taxpayer concedes that she got only a form of life estate in the apartment. (Appellee's Brief, p. 9.) There is no dispute that her interest expires at her death. She admittedly has no stock in the form of certificates, but contends that her membership, representing the life interest, is the necessary equivalent.[3] We disagree.

■ Stock is an equity; it represents an ownership interest. It is to be distinguished from obligations such as notes or bonds which are not equities, and represent no ownership interest. As the Supreme Court noted in John Kelly Co. v. Commissioner, 326 U.S. 521, 530, 66 S.Ct. 299, 90 L.Ed. 278 (1946), "There is no one characteristic, not even exclusion from management, which can be said to be decisive in the determination of whether the obligations are risk investments [stock] in the corporation or debts." Yet when looking at the relative characteristics of stock and debts, we cannot avoid the conclusion that the membership in question here is more a form of debt-obligation than stock.

> "The characteristics of *stock* are a right to participate proportionately in all profits, and in management, and in the distribution of net assets on liquidation; the characteristics of a *note* are a definite obligor, a definite obligee (either by name or designation), a definitely ascertainable obligation, and a time of maturity, either definite or that will become definite." 3 Paul & Mertens, Law of Federal Income Taxation 170 (1934).

Here the only characteristic of stock is participation in management. Yet we have present all the characteristics of a debt-obligation. There is a definite obligor (the corporation), a definite obligee (the taxpayer), a definitely ascertainable obligation (providing an apartment), and a time of maturity, either definite or that will become definite (the period from the purchase of the membership to the death of the taxpayer).

■ We reject the possibility that stock, as Congress used that term in section 216, can expire at the death of the owner. As stock represents an ownership interest, it cannot be terminable independent of the termination of the corporation. Here when the taxpayer dies the corporation will sell another life in-

---

1. Apparently Terwilliger Plaza, Inc. has issued one share of preferred stock as a formal requirement under the National Housing Act to secure federal insurance. The Commissioner does not consider this a class of stock. Treas.Reg. § 1.216–1.

2. The government also contends that the corporation is not a "cooperative housing corporation" within section 216(b) (1). In light of our disposition of the case, we need not consider this question.

3. The government does not challenge the proposition that membership *may* be the equivalent of stock for the purposes of section 216.

732

terest in the apartment now occupied by the taxpayer, but the proceeds accrue, not to the taxpayer's estate, but to the corporation. The sum of the taxpayer's interest is a right to occupancy for a limited time, essentially a lease for life.[4] The tenant could sublet, but could not transfer or assign the right to live there. The taxpayer owned an interest—she had a right—but had no stock within the meaning of section 216. If there was no stock, there were no stockholders. Therefore appellee was not a "tenant-stockholder" and not entitled to the claimed deductions.

The judgment is reversed and the case remanded with instructions to dismiss the complaint.

---

4. The operations of this corporation support the argument that the taxpayer had only a lease. It seems that she paid $2000 for her membership, and the "maintenance fee" averaged about $85–90 per month. (C.T. p. 3.) If this were the ac- quisition of a proprietary interest in the corporation, (viewing the "maintenance fee" as an "installment payment," she would be accumulating something by her payments. Yet when she is finished paying she will have precisely nothing.